UNITED STATES of America, Plaintiff,

v.

Kassie Lee HUMPHRESS, Defendant.

Crim. No. 89–243–FR.

United States District Court,
D. Oregon.

Nov. 28, 1994.

Kristine Olson Rogers, U.S. Atty. and Robert B. Ross, Asst. U.S. Atty., Portland, OR, for plaintiff.

Steven T. Wax, Federal Defender and Stephen R. Sady, Chief Deputy Federal Public Defender, Portland, OR, for defendant.

## OPINION

FRYE, District Judge:

The matters before the court are (1) the motion of the defendant to dismiss revocation proceeding for lack of jurisdiction (# 22); and (2) the petition of the defendant for habeas corpus relief under 28 U.S.C. § 2255 (# 27).

## FACTS

On February 8, 1990, the defendant, Kassie Lee Humphress, was sentenced to a three-year term of probation which included the special condition that she pay restitution of $5,000 at the rate of $140 per month as a result of her plea of guilty to the crime of bank embezzlement.

Humphress had not made full restitution on January 13, 1993 when she signed a form provided to her by her probation officer which contains the following language:

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

Defendant's probation is extended to February 4, 1995.

Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision.

Humphress states in the affidavit filed in support of her motion to dismiss the revocation proceedings for lack of jurisdiction that:

3. My probation officer advised me that, since I had not paid the full amount of restitution during the three years of probation, my probation could be revoked if I did not extend the time of my probation;

4. I do not recall any discussion from my probation officer regarding an attorney, nor was I advised regarding any rights I might have based on my financial inability to pay or the requirements of a departure;

5. I made good faith efforts to pay what I could toward restitution during my probation;

6. The first I heard about waiver of counsel and hearing for the extension of my probation was at the same meeting during which I signed the form;

7. I signed the document because I did not want my probation revoked.

Affidavit of Kassie Lee Humphress, pp. 1–2.

On January 26, 1993, based upon the waiver of hearing, this court extended the term of Humphress' probation to February 4, 1995 and modified the restitution obligation from the sum of $140 per month to a sum in an amount and rate to be determined by the probation officer.

On June 27, 1994, Humphress appeared in the Municipal Court of the City of Beaverton and pled guilty to four counts of the crime of Negotiating a Bad Check and four counts of the crime of Theft II by Deception. Humphress was sentenced on those charges to one year bench probation and ordered to pay restitution.

On September 19, 1994, Humphress was ordered to appear before this court for a hearing to determine whether there was cause to revoke her term of probation.

On September 20, 1994, Humphress filed a motion to dismiss the revocation proceedings for lack of jurisdiction.

On October 3, 1994, Humphress filed a petition for habeas corpus relief under 28 U.S.C. § 2255 requesting that the court vacate the order entered on January 26, 1993 which extended her term of probation. Humphress argues that her term of probation expired on February 8, 1993, and that her term of probation was not extended in compliance with Rule 32.1(b) which requires a hearing and the advice of counsel before a term of probation may be extended.

## CONTENTIONS OF THE PARTIES

Humphress contends that she was not advised of any rights she might have because she was financially unable to pay the restitution obligation, and that the extension of her term of probation beyond the three-year period was an illegal upward departure of her sentence. Humphress contends that she is entitled to a hearing before the term of her probation is extended.

The government contends that the modification of a term of probation is a final order and cannot be collaterally attacked at a probation revocation hearing. The government further argues that Humphress explicitly waived her right to counsel and to a hearing prior to the time that the court extended her term of probation, and that it was not necessary for the court or the probation office to inform counsel who had represented her at a prior time when the terms of her probation were modified.

## APPLICABLE LAW

Rule 32.1(b) of the Federal Rules of Criminal Procedure states:

A hearing and assistance of counsel are required before the terms or conditions of probation or supervised release can be modified, unless the relief to be granted to the person on probation or supervised release upon the person's request or the court's own motion is favorable to the person, and the attorney for the government, after having been given notice of the proposed relief and a reasonable opportunity to object, has not objected. An extension of the term of probation or supervised relief is not favorable to the person for the purposes of this rule.

## ANALYSIS

Humphress had notice of the proposed modification of her term of probation and notice of her right to a hearing and to the assistance of counsel at that hearing. There are no facts to suggest that Humphress did not waive her right to a hearing and the assistance of counsel or that Humphress was not fully aware of the consequences of that waiver. Humphress did not appeal from the order of the court extending her term of probation. The manner of the extension of the term of probation did not violate the Sixth Amendment rights of Humphress to counsel.

The probation guideline applicable to this case at the time that Humphress was sentenced states: "(a) When probation is imposed, the term shall be: (1) at least one year but not more than five years if the offense level is 6 or greater; (2) no more than three years in any other case." The offense level for Humphress is 5. The guideline required that her probation term be "no more than three years" without an upward departure.

The government argues that the extension of a term of probation without reference to the original guideline for the probationary term is permitted by U.S.S.G. § 7B1.3(a)(2), which states that "[u]pon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision." Since there was no finding by the court of a Grade C violation, this provision does not apply.

The government further argues that the extension of a term of probation without reference to the original guideline for the probationary term is permitted by 18 U.S.C. § 3565(a), which states, in relevant part: "If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may ... (1) continue him on probation, with or without extending the term or modifying or enlarging the conditions."

Since there was no finding by the court that Humphress had violated a condition of her probation prior to the expiration of her term of probation, this provision does not apply.

### CONCLUSION OF THE COURT

The government has not provided the court with any authority for the court to extend the probationary period of Humphress without a hearing and further findings by the court. The motion of Humphress to dismiss revocation proceeding for lack of jurisdiction (# 22) is granted. The petition of Humphress for habeas corpus relief under 28 U.S.C. § 2255 (# 27) is granted.

The order of this court extending the term of probation of Humphress entered on January 26, 1993 is hereby vacated.

### ORDER

IT IS HEREBY ORDERED that (1) the defendant's motion to dismiss revocation proceeding for lack of jurisdiction (# 22) is GRANTED; and (2) the defendant's petition for habeas corpus relief under 28 U.S.C. § 2255 (# 27) is GRANTED.

The order of this court extending the defendant's term of probation entered on January 26, 1993 is hereby VACATED.